IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GATHEN M. EPHRIM,

       Plaintiff,

v.                                                                            No. CV 18-63 CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

       Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Gathen Ephrim's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(b) and Supporting Memorandum* (the "Motion"), (Doc. 27), filed May 11, 2020; and Defendant Commissioner's *Response to Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b)* (the "Response"), (Doc. 28), filed May 20, 2020. Mr. Ephrim did not file a Reply in support of his Motion and the time for doing so has now passed. *See* D.N.M. LR-Civ. 7.4(a) (explaining a "reply must be served within fourteen (14) calendar days after service of the response.").

In the Motion, Mr. Ephrim's attorney, Laura Johnson, requests an order from the Court authorizing attorney fees in the amount of $7,241.38 for legal services rendered before this Court. (Doc. 27 at 2). In his Response, the Commissioner explains he "takes no position" on Mr. Ephrim's Motion and otherwise "does not object." (Doc. 28 at 3). The Court, having reviewed the Motion, the relevant law, and being otherwise fully advised, finds Mr. Ephrim's Motion shall be **GRANTED**.

**I.      Procedural Background**

Mr. Ephrim instituted an action in this Court on January 19, 2018, seeking judicial review of the Commissioner's denial of his applications for disability insurance benefits and supplemental security income. (Doc. 1); (Doc. 17). On October 29, 2018, the Court granted Mr. Ephrim's Motion to Remand, finding the Administrative Law Judge erred in his consideration of several physicians' opinions. (Doc. 22 at 2). As a result, Mr. Ephrim's applications were remanded to the Commissioner for further proceedings. (Doc. 23).

On remand, Defendant Commissioner determined Mr. Ephrim was disabled, entered a fully favorable decision, and awarded him past-due benefits in the amount of $52,965.52. (Doc. 27-1 at 1); (Doc. 27 at 4). On January 28, 2019, Mr. Ephrim's attorney applied for, and was awarded, Equal Access to Justice Act ("EAJA") fees for her work performed before this Court, totaling $6,733.50. (Doc. 24); (Doc. 25). However, the United States Department of Treasury applied Mr. Ephrim's EAJA fee award to a delinquent debt owed to the Child Support Enforcement Division. (Doc. 27-1 at 26-27). As a result of the Treasury Offset, no EAJA fees were awarded to Mr. Ephrim's counsel for her work performed before this Court. (Doc. 27 at 2). Now, Mr. Ephrim's attorney seeks an award of $7,241.38, approximately 14 percent of the total past-due benefits awarded to Mr. Ephrim. *Id.* at 5.

**II.     Analysis**

The present issue before the Court is whether counsel's requested fee of $7,241.38 is reasonable, as mandated by the controlling statute. When reviewing counsel's request for attorney fees under § 406(b), the Court must act as an

"independent check" to ensure the requested fee is reasonable, even if the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, there is no presumption that a 25 percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of their requested fee. *Id.* at 807.

Specifically, when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of an award of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. However, the refund of EAJA fees is offset by any mandatory deductions under the Treasury Offset Program, which may collect delinquent debts owed to federal and state agencies from a claimant's award of past-due benefits. *See* 31 U.S.C. § 3716(c)(3)(B) (2006).

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for

any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit Court of Appeals, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

Here, counsel obtained a fully favorable decision for Mr. Ephrim upon remand. (Doc. 27-1 at 1). In addition, the requested fee for services performed in connection with this case is within the 25-percent cap imposed by § 406(b). Indeed, counsel's requested fee award is approximately 14 percent of Mr. Ephrim's total award of past-due benefits. (Doc. 27 at 2). Furthermore, counsel's award of EAJA fees was offset by Mr. Ephrim's past-due debt, thus abating counsel's prior award of $6,733.50. (Doc. 27-1 at 26).

The requested fee is also not disproportionately large in comparison to the amount of time spent litigating this case. *See* (Doc. 27-1 at 18-19). Specifically, counsel documented 33.5 hours in representing Mr. Ephrim before the Court. *Id.*; *see Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (finding fee award for 37.33 hours reasonable); *Arellanes v. Colvin*, Civ. 12-1178 KBM (Doc. 32) (finding fee award for 36.76 hours reasonable); *Dimas v. Astrue*, Civ. 03-1157 RHS (Doc. 34) (finding fee award for 38.26 hours reasonable). Moreover, counsel's hourly rate of $216 is within the district's average. *See Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $701.75 per

hour). Considering both the time spent litigating Mr. Ephrim's claim and the hourly fee, counsel's requested award is reasonable. *See e.g.*, *Sanchez v. Colvin*, Civ. 16-1126 KRS (Doc. 30) (awarding $31,306.00); *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25); *Bigsby*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00).

In conclusion, the Court finds each component of counsel's requested fee award is reasonable. Indeed, the requested award is within the district average and is based on the successful representation of Mr. Ephrim. Moreover, both the hourly rate and the time spent litigating this case are consistent with similar awards approved in this district. As a result, having conducted an "independent check" on counsel's fee petition, the Court finds counsel's fee award should be approved.

### III. Conclusion

**IT IS THEREFORE ORDERED** Mr. Ephrim's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(b) and Supporting Memorandum*, (Doc. 27), shall be **GRANTED**. Mr. Ephrim's counsel is awarded $7,241.38 for legal services performed before this Court, to be paid from Mr. Ephrim's past-due benefits.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE